UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHAMMAD MIRAJ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT et al.,<br><br>Respondents. | No. 1:26-cv-00834-DAD-SCR<br><br>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITITONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 5) |

On January 30, 2026, petitioner filed a petition for writ of *habeas corpus*. (Doc. No. 1.) On February 2, 2026, petition filed a motion for temporary restraining order. (Doc. No. 5.) On February 3, 2026, the court issued an order directing respondents to "substantively address whether any provision of law or fact in this case would distinguish it from this court's decision in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable." (Doc. No. 6.)

On February 4, 2026, respondents filed an opposition. (Doc. No. 8.) They argue therein that because Petitioner "entered the United States illegally" petitioner is therefore an "'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)." (*Id.*

1

at 1.) Respondents further argue that the government's prior decision to release petitioner from custody pursuant to the government's discretion does not change this fact. (*Id.* at 2.) Nonetheless, respondents concede that they "have reviewed the cases cited in the Court's February 3 Order and confirm that this case poses the same legal issues as those cases." (*Id.* at 1.) Respondents also "do not object to resolving Petitioner's motion for injunctive relief, preliminary injunction, and underlying habeas petition on the briefings currently before the Court." (*Id.*)

      Petitioner is a citizen of Bangladesh who entered the United States on or about April 4, 2024 where he was briefly detained by the Department of Homeland Security, released on his own recognizance, enrolled in the Alternatives to Detention Program, and "fitted for a GPS bracelet . . . prior to release" from custody. (Doc. Nos. 1 at ¶ 2; at 5-1 at 15.) Petitioner subsequently applied for asylum and the withholding of removal. (Doc. No. 5-1 at 18–29.) Petitioner claims that he has no criminal history. (*Id.* at ¶ 65.) He further alleges that on or about January 5, 2026, he was re-detained without any prior written notice or a hearing. (Doc. No. 1 at ¶ 2.) Petitioner was subsequently transported to an ICE processing center in New York then transferred to California City Corrections Center, where he is currently BEING detained. (*Id.* at ¶ 4.)

      Because respondents have indicated that this case presents the same issues as the court's prior order in *Ayala Cajina*, the court adopts the reasoning set forth therein and concludes that petitioner's detention violates due process.

      Accordingly, for the reasons explained above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED in part as follows:

    a. Respondents are ORDERED to immediately release petitioner from respondents' custody with the same conditions he was subject to prior to his re-detention on January 5, 2026;

    b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without prior written notice and a pre-deprivation hearing before an immigration judge

           where respondents will have the burden of establishing that petitioner presents a flight risk or danger to the community;

    c.    Petitioner's request for attorneys' fees and costs pursuant to 28 U.S.C. § 2412 is DENIED without prejudice to renewal upon a properly noticed and supported motion seeking such fees and costs.

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order;

3. The Clerk of the Court is directed to ENTER judgment in favor of petitioner; and

4. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: **February 5, 2026**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE